**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean R Callagy, et al., | No. MC-25-00005-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Mark Wichansky, | |
| Defendant. | |

In 2020, Legal Capital Group LLC sued Sean R. Callagy and Callagy Law PC (collectively, "Callagy") in the District of New Jersey. The complaint alleged Callagy refused to repay funds it borrowed from Legal Capital. The docket in that case reflects the litigation has been contentious, including a motion for sanctions and numerous discovery disputes. On February 14, 2025, Callagy's counsel issued a subpoena to non-party Marc Wichansky seeking the production of documents and Wichansky's attendance at a deposition. (Doc. 1-1 at 1.) It is not clear how Wichansky relates to the dispute between Legal Capital Group and Callagy, but it appears Callagy previously represented Marc Wichansky "in various legal matters." (CV-23-1904-MTL-PHX, Doc. 15 at 2.)

A process server made three attempts to serve the subpoena on Wichansky at his residential address. The process server spoke with individuals at the address each time, but they were not proper recipients of the subpoena. Callagy's counsel spoke with an attorney who is representing Wichansky in a separate matter. That attorney stated he was "not authorized to accept service of [the subpoena] on [Wichansky's] behalf." (Doc. 1-3 at 2.)

Callagy initiated the present matter by filing a motion seeking permission to serve the subpoena through the alternative means of taping the subpoena to Wichansky's front door, sending the subpoena to Wichansky's address via certified mail, and providing a copy of the subpoena to the counsel representing Wichansky in the other matter. (Doc. 1 at 4.)

As required by Rule 45(a)(2), the subpoena was issued from the District of New Jersey. But the subpoena requires the deposition and production of documents occur in New Jersey. (Doc. 1-1 at 1.) That is more than 2,000 miles over the 100-mile limit allowed by Rule 45(c). It does not matter that the subpoena states the deposition will occur "via Zoom" (Doc. 1-1 at 1) because Ninth Circuit case law holds that the 100-mile limit in Rule 45(c) applies even when the testimony will be taken via videoconference. *In re Kirkland*, 75 F.4th 1030, 1036 (9th Cir. 2023). Because Callagy's subpoena is facially defective, authorizing alternative service would be futile.[1]

Accordingly,

**IT IS ORDERED** the Motion for Leave to Serve (Doc. 1) is **DENIED**. The Clerk of Court shall close this case.

Dated this 28th day of February, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge

---

[1] Callagy may have filed his request in the wrong district. Usually, parties seek permission for alternative service from the issuing court. *See, e.g.*, *BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-02332-PHX-JAT, 2020 WL 619675, at *1 (D. Ariz. Feb. 10, 2020) (allowing alternative service of subpoena in California); *Meridian PO Fin. LLC v. OTR Tire Grp. Inc.*, No. CV-20-00446-PHX-MTL, 2022 WL 204413, at *1 (D. Ariz. Jan. 24, 2022) (allowing alternative service of subpoena in Texas). Callagy has not cited any authority allowing the non-issuing court to permit alternative service. And at least one court has concluded the issuing court should "determine whether to authorize alternative service of the subpoena." *Civelli v. JP Morgan Securities*, 2:21-mc-00163-JCN, (D. Me. Aug. 5, 2021).